1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT FOR THE
6                    EASTERN DISTRICT OF CALIFORNIA
7
KENNETH A. WYSS,                    )          1:05cv0721 AWI DLB
8                                   )
                                    )          FINDINGS AND
9                                   )          RECOMMENDATION REGARDING
           Plaintiff,               )          DISMISSAL OF COMPLAINT
10                                  )
       vs.                          )
11                                  )
JO ANNE BARNHART, Commissioner,     )
12                                  )
                                    )
13         Defendant.               )
14

       On June 3, 2005, Plaintiff filed the present action in this Court.  On the same date, the Court
15
issued a Scheduling Order.  On November 30, 2005, the Court issued an order for Plaintiff to file a
16
status report regarding the status of service within fifteen days.
17
       On December 28, 2005, after Plaintiff failed to respond, the Court issued an Order to Show
18
Cause why the action should not be dismissed.  Plaintiff was ordered to respond within thirty days.
19
Plaintiff has failed to do so.
20
       Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local
21
Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
22
sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
23
control their dockets and "in the exercise of that power, they may impose sanctions including, where
24
appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
25
1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
26
action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v.
27
28                                        1

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.

2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

3   requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

4   1987)(dismissal for failure to comply with court order).

5        In determining whether to dismiss an action for lack of prosecution, the Court must consider

6   several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

7   manage its docket; (3) the risk of prejudice to the Defendant; (4) the public policy favoring

8   disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.

9   Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

10       The Court finds that the public's interest in expeditiously resolving this litigation and the

11  court's interest in managing the docket weigh in favor of dismissal, as this case has been pending

12  since June 3, 2005.  The third factor, risk of prejudice to Defendant, also weighs in favor of

13  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

14  prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -

15  - public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

16  favor of dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the

17  court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.

18  Ferdik v.  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424.  The

19  Court's order dated December 28, 2005, expressly stated "Failure to respond to this Order to Show

20  Cause will result in a recommendation to dismiss this action."  Thus, Plaintiff had adequate warning

21  that dismissal could result from his noncompliance with the Court's order.

22                                    RECOMMENDATION

23       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

24  Plaintiff's failure to obey the Court's order and failure to prosecute.

25       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii pursuant

26  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the

27  United States District Court, Eastern District of California.  Within thirty (30) days of being served

28                                          2

with a copy, any party may file written objections with the court and serve a copy on all parties.

Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Replies to the objections shall be served and filed within ten (10) court days

(plus three days if served by mail) after service of the objections. The Court will then review the

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure

to file objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   **Dated:   January 31, 2006**                          **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE